```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
PCL (SHIPPING) PTE. LTD. and                     :
CROSS WORLD MIDDLE EAST LIMITED,                 :
                                                 :
                    Plaintiffs,                  :
                                                 :
          - against -                            :
                                                 :
MIDDLE EAST MARINE AND                           :
CHARTERING INC., DAO                             :
MIDDLE EAST GEN TRADING AND                      :
CONSTR CO. d/b/a DAO GROUP., and                 :
YUSUF MUBARAK,                                   :
                                                 :
                    Defendants.                  :
------------------------------------------------------------X
```



JUDGE SULLIVAN

'08 cv 3769

ECF CASE

RECEIVED
APR 21 2008
U.S.D.C. S.D.N.Y.
CASHIERS

## VERIFIED COMPLAINT

Plaintiffs, PCL (SHIPPING) PTE. LTD. (hereafter referred to as "PCL") and CROSS WORLD MIDDLE EAST LIMITED (hereinafter referred to as "Cross World") (collectively referred to as "Plaintiffs"), by and through their attorneys, Lennon, Murphy & Lennon, LLC, as and for their Verified Complaint against the Defendants, MIDDLE EAST MARINE AND CHARTERING INC. (hereafter referred to as "MEMC"), DAO MIDDLE EAST GEN TRADING AND CONSTR CO. d/b/a DAO GROUP (hereafter referred to as "Dao Group"), and YUSUF MUBARAK (hereafter referred to as "Mubarak") allege, upon information and belief, as follows:

1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and 28 United States Code § 1333.

2. At all times material to this action, PCL was, and still is, a foreign company duly organized and operating under foreign law and was at all material times the Owner of the M/V "IKAN SELAR" (hereinafter "Vessel").

3. At all times material to this action, Cross World was, and still is, a foreign company

duly organized and operating under foreign law and was at all material times the Charterer of the Vessel.

4. Upon information and belief, Defendant MEMC was, and still is, a foreign corporation, or other business entity, organized under, and existing by virtue of the law of Panama with a principal place of business in Kuwait and was at all material times the Sub-Charterer of the Vessel.

5. Upon information and belief, Defendant Dao Group was, and still is, a foreign corporation, or other business entity, organized under, and existing by virtue of the law of Kuwait.

6. Upon information and belief, Defendant Yusuf Mubarak was, and still is, an individual, a non-U.S. citizen, and a citizen of Kuwait.

7. Pursuant to a charter party dated August 8, 2006, PCL chartered the Vessel to Cross World for a trip via Pakistan to the Persian Gulf.

8. On September 13, 2006, PCL and Cross World entered into a further agreement for an additional trip in direct continuation of the above charter party.

9. Pursuant to a charter party dated August 3, 2006, Cross World sub-chartered the Vessel to the Defendant MEMC.

10. Disputes arose between PCL and Cross World because Cross World failed to pay PCL amounts due and owing under the charter party.

11. During the course of the Cross World-MEMC charter, MEMC incurred demurrage in the amount of $257,926.12 due and owing to Cross World.

12. In light of the amounts owed to PCL, Cross World assigned to PCL its right to receive demurrage under the sub-charter with MEMC.

13. MEMC has failed to pay PCL or Cross World the demurrage due and owing under the charter party contract.

14. As a result of MEMC's breach of the charter party contract, Plaintiffs have sustained damages in the total principal amount of $257,926.12, exclusive of interest, arbitration costs and attorneys fees.

15. Pursuant to the Cross World-MEMC charter party, all disputes arising thereunder are to be submitted to arbitration in London with English Law to apply.

16. Despite due demand, MEMC has failed to pay the amounts due and owing under the charter party.

17. As a result, Plaintiffs have commenced arbitration against Defendant MEMC on their claims.

18. Interest, costs and attorneys' fees are routinely awarded to the prevailing party in London arbitration pursuant to English Law. As best as can now be estimated, Plaintiffs expect to recover the following amounts under the final arbitration award:

| | | |
|---|---|---|
| A. | Principal claim: | $257,926.12 |
| B. | Estimated interest on claim:<br>3 years at 6.0%, compounded quarterly | $50,455.04 |
| C. | Estimated attorneys' fees and arbitration expenses: | $75,000.00 |
| **Total** | | **$383,381.16** |

19. Upon information and belief, defendants Dao Group and/or Mubarak are the aliases, alter-egos and/or successors in interest of MEMC.

20. Upon information and belief, MEMC was merely a shell-corporation through which Dao Group and/or Mubarak conducted their business of chartering vessels.

21. Upon information and belief, Dao Group and the MEMC share or shared common ownership, operation, and premises.

22. Upon information and belief, Dao Group, Mubarak, and MEMC are or were situated at the same addresses in Jabriya, Kuwait and/or Hawally, Kuwait.

3

23. Upon information and belief, MEMC has no separate, independent identity from Dao Group and/or Mubarak.

24. Upon information and belief, MEMC is owned, operated and controlled by Dao Group and/or Mubarak.

25. MEMC and Dao Group are ultimately controlled by a common and overlapping director, officer, and manager from their base of operations in Kuwait.

26. The common and/or overlapping director, officer, and/or manager of MEMC and Dao group is named Mr. Yusuf Mubarak who is, upon information and belief, the same individual who actually signed the Cross World/ MEMC charter party on behalf of MEMC. Mubarak describes himself as "Logistics Manager" of MEMC.

27. MEMC, Dao Group, and Mubarak share the same phone and fax lines (00965 5358416 and 00965 5358417). Pretext calls were placed to the above phone number where Mr. Mubarak consistently and repeatedly answered the phone as the "Dao company." Of note, the above numbers were obtained not from listings for Dao Group, but instead from MEMC's internet marketing advertisement posted by Mubarak. Specifically, the following posting concerning vessel buying and chartering appeared on February 12, 2007:

> Middle East marine & chartering inc is in the market for buying Bulk carriers 25000 MT DWAT, not more than 25 years old. Fully geared and excellent conditioned vessels. We are also looking for suitable ships for transporting our own of bagged cement from Karachi- Pakistan and Kakkinada-India to Iraq-Umm Qasr Port. Volume: 2500 MT. Load/Disch: 1500/1350 MT EIU Basis. HD Bends/Reversible. Add Comm. tt 2.5%.
>
> Plsd to hear soon.
> B. Rgrds,
> Mubarak Yusuf
>
>           Mubarak Yusuf, Logistics Manager
>           Middle East marine & Chartering Inc.
>           Comm Operation
>           Jabriya, Kuwait.
>           Phone: 00965 5358416
>           Fax: 00965 5358417

Website: www.meemarine.com (under construction)

28. Further, in a separate action filed in this Court captioned <u>Plaka Shipping Co. Ltd. v. Middle East Marine and Chartering, Inc. et. al.</u> 07 Civ. 7226 (JSR), the plaintiff in that case alleged in its verified complaint that Dao Group actually guaranteed MEMC's performance and was a witness to the Plaka Shipping/MEMC charter party dated October 27, 2006 for the M/V PYTHGORAS.

29. Based on the foregoing, as well as other activities of MEMC, Dao Group, and Mubarak, all defendants should be considered as a single economic unit with no distinction between or among them, rendering each liable for the debts of the other, and all assets of Dao Group and Mubarak susceptible to attachment and/or restraint for the debts of MEMC.

30. By virtue of the foregoing, the Dao Group and Mubarak are properly considered parties to the subject contract as the alter egos, aliases or successors in interest of MEMC.

31. The Dao Group and/or Mubarak are alter egos of MEMC because they dominate and disregard MEMC's corporate form to the extent that Dao Group and/or Mubarak are actually carrying on MEMC's business and operations as if the same were their own.

32. In the alternative, Dao Group, Mubarak and MEMC are partners and/or are joint venturers.

33. In the further alternative, Dao Group, Mubarak and MEMC are so closely affiliated that Dao Group and/or Mubarak is now, or will soon be, holding assets belonging to MEMC.

34. The Defendants cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but, upon information and belief, Defendants have, or will have during the pendency of this action, assets within this District and subject to the jurisdiction of this Court, held in the hands of one or more garnishees which are believed to be due and owing to the Defendants.

35. The Plaintiffs seek an order from this court directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, and also pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching, inter alia, any assets of the Defendants held by the aforesaid garnishee for the purpose of obtaining personal jurisdiction over the Defendants, and to secure the Plaintiffs' claims as described above.

WHEREFORE, Plaintiffs pray:

A. That process in due form of law issue against the Defendants, citing them to appear and answer under oath all and singular the matters alleged in the Verified Complaint;

B. That the Court retain jurisdiction to compel the Defendants to arbitrate in accordance with the United States Arbitration Act, 9 U.S.C. § 1 et seq.;

C. That since the Defendants cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, also pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching all goods, chattels, credits, letters of credit, bills of lading, effects, debts and monies, tangible or intangible, or any other funds held by any garnishee within the District which are due and owing to the Defendants, in the amount of **$383,381.16** calculated to date to secure the Plaintiffs' claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Complaint;

D. That this Court recognize and confirm any arbitration award(s) or judgment(s) rendered on the claims set forth herein as a Judgment of this Court

E.   That this Court retain jurisdiction over this matter through the entry of any judgment or award associated with any of the claims currently pending, or which may be initiated in the future, including any appeals thereof;

F.   That this Court award Plaintiffs their attorney's fees and costs of this action; and

G.   That the Plaintiffs have such other, further and different relief as the Court may deem just and proper.

Dated: April 21, 2008
       New York, NY

                        The Plaintiffs,
                        PCL (SHIPPING) PTE. LTD. and
                        CROSS WORLD MIDDLE EAST LIMITED,

By: _____
     Anne C. LeVasseur
     Charles E. Murphy
     Nancy R. Peterson
     LENNON, MURPHY & LENNON, LLC
     The GrayBar Building
     420 Lexington Ave., Suite 300
     New York, NY 10170
     (212) 490-6050 – phone
     (212) 490-6070 – fax
     acl@lenmur.com
     cem@lenmur.com
     nrp@lenmur.com

## ATTORNEY'S VERIFICATION

State of Connecticut  )
                     )   ss.:   Southport
County of Fairfield  )

1. My name is Anne C. LeVasseur.

2. I am over 18 years of age, of sound mind, capable of making this Verification, and fully competent to testify to all matters stated herein.

3. I am an attorney in the firm of Lennon, Murphy & Lennon, LLC, attorneys for the Plaintiffs.

4. I have read the foregoing Verified Complaint and know the contents thereof and believe the same to be true and accurate to the best of my knowledge, information and belief.

5. The reason why this Verification is being made by the deponent and not by the Plaintiffs is that the Plaintiffs are business organizations with no officers or directors now within this District.

6. The source of my knowledge and the grounds for my belief are the statements made, and the documents and information received from, the Plaintiffs and agents and/or representatives of the Plaintiffs.

7. I am authorized to make this Verification on behalf of the Plaintiffs.

Dated: April 21, 2008
       New York, NY

*Anne C. LeVasseur*
Anne C. LeVasseur